IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| BONIFIA SEWARD : <br> 6100 City Avenue, Apt. 1017 : <br> Philadelphia, PA 19131; AND : <br> : <br> EMILY CHO : <br> 7105 Union Court : <br> North Wales, PA 19454 : <br> : <br> *individually and on* : <br> *behalf of all others similarly situated* : <br> : <br>                 Plaintiffs, : <br> : <br>    v. : <br> : <br> INHOSPITAL PHYSICIANS CORP. : <br> 350 Sentry Parkway : <br> Building 660, Suite 102 : <br> Blue Bell, PA 19422 : <br> : <br>                Defendant. : | Civil Action No.: _____ <br><br> **JURY TRIAL DEMANDED** |

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Bonifia Seward ("Seward") and Emily Cho ("Cho") (collectively, "Plaintiffs") hereby bring this action against Defendant Inhospital Physicians Corp. ("Defendant") and allege, upon personal belief as to their own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this complaint contending that Defendant unlawfully failed to pay them and other similarly-situated individuals in the position of Nurse Practitioner ("NP"), overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.* ("Class Plaintiffs").

2. Seward and Cho are current and former employees of Defendant, respectively, who were employed in the position of Nurse Practitioner. During the course of their employment, Plaintiffs and, upon information and belief, Class Plaintiffs regularly work/worked more than forty (40) hours per week, but did not receive overtime compensation for their overtime hours worked due to their misclassification by Defendants as overtime exempt.

3. Plaintiffs and, upon information and belief, Class Plaintiffs were not paid on a bona fide salary or fee basis, and were thus categorically ineligible for the exemptions from the overtime requirements of the FLSA and/or PMWA which require payment on a bona fide salary and/or fee basis, including the exemptions for executive, administrative, and/or professional employees, as applicable.

4. Accordingly, Plaintiffs bring this action as a representative action under the FLSA and PMWA for monetary damages and penalties, including unpaid overtime compensation and liquidated damages, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6. General personal jurisdiction over Defendant Inhospital Physicians Corp. exists in the Commonwealth of Pennsylvania as a consequence of its registration to do business in Pennsylvania. See 42 Pa. Cons. Stat. § 5301(a)(2)(i) ("qualification as a foreign corporation"

permits Pennsylvania courts to "exercise general personal jurisdiction" over such entities); Mallory v. Norfolk S. Ry., 600 U.S. 122, 143 S. Ct. 2028, 2038-45 (2023).

7. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as Plaintiffs' FLSA claims.

9. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiffs are complaining were committed in this district and in the Commonwealth of Pennsylvania.

**PARTIES**

10. Plaintiff Bonifia Seward currently resides at 6100 City Avenue, Apt. 1017, Philadelphia, PA 19131.

11. Plaintiff Emily Cho currently resides at 7105 Union Court, North Wales, PA 19454.

12. Upon information and belief, Defendant Inhospital Physicians Corp., is a business corporation organized and existing under the laws of the State of Delaware, with an address registered with the Pennsylvania Secretary of State of 320 Sentry Parkway, Bldg-660, Ste-102, Blue Bell, PA 19422.

13. Upon information and belief, Defendant is a covered enterprise and employer under the FLSA in that, in each of the past three (3) years, it had an annual dollar volume of sales or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiffs) engaged in commerce within the meaning of the FLSA.

14. Plaintiffs and Class Plaintiffs are/were employees who have been employed by Defendant during all relevant times hereto and, as such, are employees entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

15. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiffs and all similarly situated current and former employees of Defendant.

18. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiffs brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Nurse Practitioner ("NP") who worked for Defendant at any point in the past three (3) years ("Class Plaintiffs"). Plaintiffs contend that Plaintiffs and Class Plaintiffs were denied overtime compensation due to Defendant's policy and practice of misclassifying them as overtime exempt.

19. Plaintiffs estimate that there are in excess of fifty (50) other similarly situated NPs who either are working or worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices describe above. The precise number and identify of these employees can easily be ascertained by Defendant through its payroll and personnel

records. Class Plaintiffs may be informed of the pendency of this collective action by direct mail and/or publication.

20. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated. Plaintiffs and Class Plaintiffs are/were similarly denied overtime compensation at 1.5 times their regular rate of pay as a result of Defendant's failure to compensate them on a bona fide salary and/or fee basis, resulting in their common misclassification as overtime exempt, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

21. Plaintiffs will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

22. Paragraphs 1 through 21 are hereby incorporated by reference as though the same were fully set forth at length herein.

23. Plaintiffs bring this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

>All persons presently or formerly employed by Defendant during the past three (3) years in the position of Nurse Practitioner.

24. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

25. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

    A. Whether Plaintiffs and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

    B. Whether Plaintiffs and the Class were compensated on a bona fide salary and/or fee basis within the meaning of the PMWA;

    C. Whether Plaintiffs and the Class were compensated on an hourly basis;

    D. Whether Plaintiffs and the Class were compensated on a day rate or piece rate basis;

    E. Whether Plaintiffs and the Class worked in excess of forty (40) hours per week; and

    F. Whether Plaintiffs and the Class have suffered and are entitled to damages, and if so, in what amount.

26. Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs are/were employees of Defendant employed in the position of Nurse Practitioner who have suffered the same injury suffered by the Class as a result of Defendant's failure to pay overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiffs and the Class in the same way.

27. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs are similarly situated to the Class and have no conflict with the Class members.

28. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in class action litigation.

29. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B. Defendant, by failing to pay overtime compensation in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness, and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

30. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of

individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

31. Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

32. Plaintiff Bonifia Seward began her employment with Defendant on or around January 1, 2025 in the position of Nurse Practitioner.

33. Plaintiff Emily Cho began her employment with Defendant on or around December 1, 2024 in the position of Nurse Practitioner.

34. Both Seward and Cho were assigned by Defendant to work at Jeanes Campus: Temple University Hospital, with optional responsibilities at other hospitals affiliated with Defendant.

35. Although Plaintiffs entered into employment agreements with Defendant which purported to provide them with "an annual Base Salary of $120,000," Plaintiffs were <u>not</u> paid on a bona fide salary basis.

36. Rather, Plaintiffs' initial compensation (for their first year of employment) was contingent on their "full attendance of 183 shifts per year or 2,196 hours per year . . . approximating 15.2 shifts per month."

37. Due to this significant qualification, during any month – i.e. the length of Plaintiffs' pay period – in which Plaintiffs failed to work the required 15.2 shifts, equaling 183

hours, their compensation would be docked, or otherwise lowered, by that number of hours to adjust for the shortfall.

38.     By way of example, during the month of April 2025, Defendant only paid Plaintiff Seward $9,836.07, representing 180 hours at her effective hourly rate of $54.64, because she worked 3 hours less than the 183 hours expected of her to earn her full monthly "salary" at the time of $10,000.

39.     Similarly, during the month of February 2025, Defendant only paid Plaintiff Cho $9,836.07, representing 180 hours at her effective hourly rate of $54.64, because she worked 3 hours less than the 183 hours expected of her to earn her full monthly "salary" at the time of $10,000.

40.     As such, Plaintiffs did not receive "a predetermined amount," which was "not subject to reduction because of variations in the quality or quantity of the work performed," contrary to the requirements of the FLSA and PMWA.  See 29 CFR § 541.602(a).

41.     Moreover, Defendant's requirement that Plaintiffs work at least 183 hours per month to receive their full "Base Salary" per month was nearly impossible to meet without working extra shifts, which were often difficult to obtain, due to the fact that Defendant often offered only 15 twelve-hour shifts, for a total of 180 hours, per month,

42.     Under such circumstances, Plaintiffs' "base salary" would be reduced by exactly three (3) hours, despite the shortfall in hours having nothing to do with Plaintiffs' availability or willingness to work more hours for Defendant.

43.     Accordingly, Plaintiffs' compensation was clearly subject to reduction based on variations in the quantity of worked performed, and was thus not a bona fide salary within the meaning of the FLSA or PMWA.

44. Instead, Plaintiffs' compensation was based on the number of shifts and hours they worked per month.

45. As such, Plaintiffs were not compensated on a "fee basis" within the meaning of the FLSA or PMWA.  See 29 C.F.R. § 541.605(a) (explaining, *inter alia*, that "[p]ayments based on the number of hours or days worked and not on the accomplishment of a given single task," as opposed to "a series of jobs repeated an indefinite number of times," "are not considered payments on a fee basis").

46. Upon information and belief, all Nurse Practitioners employed by Defendants are subject to the same compensation policies, pay practices, and pay deductions as Plaintiffs.

47. On October 8, 2025, Defendant's Human Resources Manager, Joe Mestrow ("Mr. Mestrow"), confirmed via email that Plaintiff Seward's "salary is conditional upon fulfillment of the expected annual shift commitment" of 183 shifts per year.

48. Mr. Mestrow also explained, "the provider [i.e. NPs such as Plaintiffs] can benefit from increased moonlighting pay when he/she worked over their regular hours (183 hours) in a given month."

49. Importantly, such moonlighting pay as Defendant pays to its NPs does not include an overtime premium, nor is it calculated based on the number of hours worked over forty during a 7-day workweek.

50. Finally, Mr. Mestrow advised that "[f]or administrative and payroll accuracy, IHP Corp calculates and reconciles shifts on a monthly basis to ensure proportional compensation aligns with shifts worked," which he contended was a "standard and accepted payroll practice."

51. Accordingly, Plaintiffs and, upon information and belief, Class Plaintiffs, did not receive a "predetermined amount" as part of their monthly pay, or even their annual "Base

Salary," which was, rather, determined by, and "conditioned" upon, the number of shifts and hours they worked that month and year.

52. As such, Plaintiffs and, upon information and belief, Class Plaintiffs, were not paid on a bona fide salary basis, and therefore are/were categorically ineligible for the exemption for executive employees under the FLSA and PMWA.

53. Additionally, Plaintiffs were not paid on either a bona fide salary or fee basis, and therefore are/were categorically ineligible for the exemptions for administrative and professional employees under the FLSA and PMWA.

54. Accordingly, Plaintiffs and, upon information and belief, Class Plaintiffs were misclassified as "exempt" from the overtime requirements of the FLSA and PMWA, resulting in the unlawful denial of overtime compensation.

55. Although Plaintiffs complained to Defendant, including, but not limited to Mr. Mestrow, about their potential misclassification under the FLSA in or around early October 2025, Defendant chose to continue paying Plaintiffs and, upon information and belief, Class Plaintiffs the same way, without overtime compensation for hours worked over forty (40) in a workweek.

56. Plaintiffs and, upon information and belief, regularly worked well over forty (40) hours per week, but did not receive overtime compensation for their overtime hours worked.

57. For example, during the workweek of April 14, 2025 to April 20, 2025, Plaintiff Seward worked approximately sixty (60) hours, but did not receive any overtime compensation for the approximately twenty (20) hours of overtime she worked that week.

58. Similarly, during the workweek of April 21, 2025 to April 27, 2025, Plaintiff Cho worked approximately seventy (70) hours, but did not receive any overtime compensation for the approximately thirty (30) hours of overtime she worked that week.

59. Plaintiffs and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

60. As a result of Defendant's aforesaid willful and unlawful actions, Plaintiffs and Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

61. Paragraphs 1 through 60 are hereby incorporated by reference as though the same were fully set forth at length herein.

62. Pursuant to Section 207(a)(1) of the FLSA, non-exempt employees must be paid overtime compensation equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

63. As described above, Defendant misclassified Plaintiffs and, upon information and belief, Class Plaintiffs as overtime exempt within the meaning of the FLSA, thus failing to pay them overtime compensation for all hours worked over forty (40) in a workweek.

64. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

65. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

66.     Defendant is liable to Plaintiffs and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and Class Plaintiffs:

A.      An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant in the position of Nurse Practitioner who worked for Defendant at any point in the past three (3) years, and authorizing Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.      Awarding Plaintiffs and Class Plaintiffs unpaid overtime compensation in an amount consistent with the FLSA;

E.      Awarding Plaintiffs and Class Plaintiffs liquidated damages in accordance with the FLSA;

F.      Awarding Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

G.    Awarding pre- and post-judgment interest and court costs further allowed by law;

H.    Granting Plaintiffs and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

I.    For all additional general and equitable relief to which Plaintiffs and the Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

67.    Paragraphs 1 through 66 are hereby incorporated by reference as though the same were fully set forth at length herein.

68.    The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their non-exempt employees. See 43 P.S. § 333.113.

69.    The Pennsylvania Minimum Wage Act further provides that non-exempt "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

70.    By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to pay overtime compensation to Plaintiffs and Class Plaintiffs.

71.    As a result of Defendant's unlawful acts, Plaintiffs and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to

recovery of such amounts, together with interest, costs, and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class Plaintiffs, pray for judgment against Defendant as follows:

A. An Order certifying this case as a class action and designating Plaintiffs as the representatives for the Class and their counsel as class counsel;

B. An award to Plaintiffs and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiffs and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D. An award to Plaintiffs and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

          Respectfully submitted,

          **MURPHY LAW GROUP, LLC**

By:   /s/ Michael Groh
Michael Murphy, Esq.
Michael Groh, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: December 18, 2025

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiffs' and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, schedules, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.